**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LABORERS' DISTRICT COUNCIL AND CONTRACTORS' PENSION FUND OF OHIO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>JAMES HARDIE INDUSTRIES PLC., AARON ERTER, and RACHEL WILSON,<br><br>Defendants. | Case No. 1:25-cv-13018<br><br>Honorable LaShonda A. Hunt<br><br>CLASS ACTION |

**MOTION OF THE BOSTON RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

Boston Retirement System ("Boston") respectfully moves this Court, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an order: (i) appointing Boston as Lead Plaintiff pursuant to the PSLRA; (ii) approving Boston's selection of Labaton Keller Sucharow LLP ("Labaton") as Lead Counsel for the Class and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Liaison Counsel for the Class; and (iii) granting such other and further relief as the Court may deem just and proper.[1]

This Motion is made on the grounds that Boston is the "most adequate plaintiff" under the PSLRA and should therefore be appointed Lead Plaintiff. Boston has the "largest financial interest" in the relief sought by the Class in the Action. Boston also otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure because its claims are typical of other Class members' claims, and because it will fairly and adequately represent the Class. Further, Boston is the paradigmatic lead plaintiff envisioned by Congress in enacting the PSLRA because it is a sophisticated institutional investor with a substantial financial stake in the litigation that will provide effective monitoring and supervision of counsel.

This Motion is supported by the accompanying Memorandum of Law, a proposed order submitted to the Court's proposed order inbox, , the pleadings and other filings herein, such other written or oral argument as may be permitted by the Court, and true and correct copies of the following exhibits:

Exhibit A: Signed Certification of Boston;

---

[1] Counsel for Boston are aware of this Court's requirement that "[b]efore filing a motion, movant's counsel ***must*** ask opposing counsel whether there is an objection to the motion." However, because the PSLRA permits any "purported class member . . .including any motion by a class member who is not individually named as a plaintiff in the complaint" to file a motion for appointment as lead plaintiff, 15 U.S.C. § 78u-4(a)(3)(B)(i), Boston cannot ascertain whether any other parties will also seek appointment as lead plaintiff until after the deadline expires on December 23, 2025. Accordingly, Boston's counsel respectfully requests that compliance with the conferral requirements be waived due to the fact that unknown movants cannot be conferred with.

Exhibit B:    Charts reflecting the calculations of Boston's losses as a result of its transactions in James Hardie Industries, plc common stock;

Exhibit C:    Notice of the pendency of the Action;

Exhibit D:    Firm Résumé of Labaton; and

Exhibit E:    Firm Résumé of Robbins Geller.

Dated: December 22, 2025

Respectfully submitted,

**ROBBINS GELLER RUDMAN & DOWD LLP**
James E. Barz (IL BAR #6255605)
Frank A. Richter (IL BAR #6310011
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: (630) 696-4107
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

**ROBBINS GELLER RUDMAN & DOWD LLP**
Danielle S. Myers (ILND-GB-5711
Michael Albert
655 W. Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

*Proposed Liaison Counsel for the Class*

**LABATON KELLER SUCHAROW LLP**
Francis P. McConville
Connor C. Boehme
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700

fmcconville@labaton.com
cboehme@labaton.com

*Counsel for Proposed Lead Plaintiff and Proposed Lead Counsel for the Class*

3