**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LABORERS' DISTRICT COUNCIL AND CONTRACTORS' PENSION FUND OF OHIO, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES HARDIE INDUSTRIES PLC., AARON ERTER, and RACHEL WILSON,<br><br>　　　　　　　Defendants. | Case No. 1:25-cv-13018<br><br>Honorable LaShonda A. Hunt<br><br><u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF BOSTON RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF AND <u>APPROVAL OF SELECTION OF COUNSEL</u>**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ............................................................................................. 1

SUMMARY OF THE ACTION ........................................................................................... 3

ARGUMENT ........................................................................................................................ 4

I.      BOSTON SHOULD BE APPOINTED LEAD PLAINTIFF ........................................... 4

        A.      The PSLRA Standard for Appointing Lead Plaintiff............................................. 4

        B.      Boston is the "Most Adequate Plaintiff" ............................................................. 5

                1.      Boston's Motion Is Timely ........................................................................ 5

                2.      Boston Has the Largest Financial Interest ................................................. 5

                3.      Boston Satisfies Rule 23's Typicality and Adequacy Requirements.......... 6

                        (i)      Boston's Claims Are Typical............................................................. 6

                        (ii)     Boston Will Fairly and Adequately Protect the Interests of
                                 the Class ........................................................................................... 6

                4.      Boston Is Precisely the Type of Lead Plaintiff Envisioned by the
                        PSLRA ....................................................................................................... 7

II.     BOSTON'S SELECTION OF COUNSEL MERITS APPROVAL................................. 8

CONCLUSION..................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Bally Total Fitness Sec. Litig.*,
  2005 WL 627960 (N.D. Ill. Mar. 15, 2005)................................................................6, 8

*In re Boeing Co. Aircraft Sec. Litig.*,
  2019 WL 6052399 (N.D. Ill. Nov. 15, 2019) .............................................................5, 6

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001)...........................................................................................8

*Munch v. Sprout Soc., Inc.*,
  2024 WL 4753734 (N.D. Ill. Nov. 12, 2024) ..........................................................5, 6, 7

**Rules & Statutes**

Fed. R. Civ. P. 23 .................................................................................................. *passim*

15 U.S.C. § 78u-4 *et seq*. ....................................................................................... *passim*

**Docketed Cases**

*In re Alphabet, Inc. Sec. Litig.*,
  No. 18-cv-06245-TLT (N.D. Cal. Sept. 30, 2024) .......................................................9

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
  No. 04-cv-8141 (S.D.N.Y.)............................................................................................8

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
  No. 08-md-1963 (S.D.N.Y.) ..........................................................................................9

*In re Satyam Comput. Servs. Ltd. Sec. Litig.*,
  No. 09-md-2027 (S.D.N.Y.) ..........................................................................................9

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 .............................7, 8

Proposed Lead Plaintiff Boston Retirement System ("Boston") respectfully submits this memorandum of law in support of its motion, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an order: (i) appointing Boston as Lead Plaintiff pursuant to the PSLRA in the above-captioned action (the "Action"); (ii) approving Boston's selection of Labaton Keller Sucharow LLP ("Labaton") as Lead Counsel for the Class and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Liaison Counsel for the Class in the Action; and (iii) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Boston—a sophisticated institutional investor—respectfully submits that it should be appointed Lead Plaintiff in the Action on behalf of all persons or entities who purchased or otherwise acquired James Hardie Industries plc. ("James Hardie" or the "Company") common stock (previously American Depositary Shares until their conversion to common stock on July 1, 2025) during the period from May 20, 2025 through August 18, 2025, (the "Class Period") and were damaged thereby (the "Class"). The Action seeks to recover damages caused by violations of the federal securities laws and seeks to pursue remedies under Sections 10(b) and 20(a) of the Exchange Act, against the Company and certain of its executive officers ("Defendants").

The PSLRA directs courts to appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class, and also whether that movant has made a *prima facie* showing that it is a typical and adequate Class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii).

For the reasons discussed herein, Boston submits that it is the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff. Boston incurred approximately *$530,845* in losses as a result of its transactions in James Hardie common stock during the Class Period as calculated on a last-in, first-out ("LIFO") basis.[1] Accordingly, Boston has a substantial financial interest in directing this litigation and recovering losses attributable to Defendants' violations of the federal securities laws—an interest believed to be greater than that of any other qualified movant.

In addition to asserting the largest financial interest, Boston readily satisfies the relevant requirements of Rule 23 because its claims are typical of those of all members of the Class and it will fairly and adequately represent the interests of the Class. Indeed, Boston is a paradigmatic Lead Plaintiff under the PSLRA because it is a sophisticated institutional investor with a real financial interest in the litigation and has extensive experience supervising the work of outside counsel in securities litigation. Boston fully understands the Lead Plaintiff's obligations to the Class under the PSLRA and has amply demonstrated its commitment and ability to fulfill those responsibilities here.

Finally, the adequacy of Boston is further established through its selection of experienced counsel, Labaton, to serve as Lead Counsel for the Class. Accordingly, Boston respectfully requests that the Court appoint it as Lead Plaintiff and otherwise grant their motion.

---

[1] A copy of the PSLRA-required Certification of Boston is attached as Exhibit A to the accompanying Motion, which sets forth all transactions for Boston in James Hardie common stock during the Class Period. In addition, a chart reflecting the calculation of Boston's losses as a result of its transactions in James Hardie common stock during the Class Period is attached as Exhibit B to the Motion.

## SUMMARY OF THE ACTION

James Hardie manufactures and sells exterior home and outdoor building materials, and describes itself as the leading supplier of fiber cement products in the United States. The Company operates through three primary segments: North America Fiber Cement, Asia Pacific Fiber Cement, and Europe Building Products. On July 1, 2025, James Hardie completed its acquisition of The AZEK Company in a cash and stock transaction. James Hardie stated that AZEK shareholders would receive $26.45 in cash and 1.034 ordinary shares of James Hardie common stock in exchange for each share of AZEK they held at the time of the merger. James Hardie common stock trades on the New York Stock exchange under the ticker symbol "JHX."

The Action alleges that, during the Class Period, Defendants misled investors by failing to disclose that: (a) primary consumer demand and growth in James Hardie's North America segment were deteriorating; (b) overstocking was the primary driver of North America growth during the Class Period, not primary consumer demand; and (c) as a result, there was excessive inventory at James Hardie's North America distributors.

The market began to learn the truth about Defendants' fraud on August 19, 2025, when James Hardie reported that North America Fiber Cement sales declined by 12%, Q1 2026 profit declined by 29%, and projected lower-than-expected fiscal 2026 earnings. On this news, James Hardie stock dropped 34.4 percent, closing at $18.64 on August 20, 2025.

As a result of Defendants' wrongful acts and omissions, and the significant decline in the market value of the Company's securities, Boston and the Class have suffered significant damages.

## ARGUMENT

### I.   BOSTON SHOULD BE APPOINTED LEAD PLAINTIFF

Boston respectfully submits that it should be appointed Lead Plaintiff because it filed the instant Motion in a timely manner, believes it has the largest financial interest in this litigation of any qualified movant, and otherwise satisfies the typicality and adequacy requirements of Rule 23.

### A.   The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff).  First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members to serve as lead plaintiff and appoint the "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the movant who: (i) filed a complaint or made a motion to serve as lead plaintiff; (ii) has the largest financial interest in the relief sought by the class; and (iii) who otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  This presumption may be

rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Boeing Co. Aircraft Sec. Litig.,* 2019 WL 6052399, at *2 (N.D. Ill. Nov. 15, 2019) (discussing qualifications for lead plaintiff presumption).

### B.      Boston is the "Most Adequate Plaintiff"

### 1.      Boston's Motion Is Timely

Boston filed this Motion to serve as Lead Plaintiff in a timely manner.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for the plaintiff in the Action caused notice to be published on *GlobeNewswire* on October 24, 2025, the day the complaint in the Action was filed.  *See* Motion, Ex. D.  The notice, in accordance with the PSLRA, indicated that applications for Lead Plaintiff must be made no later than 60 days from the date on which the notice was published.  Boston filed this motion seeking appointment as Lead Plaintiff within this deadline and thus has satisfied the procedural requirements of the PSLRA.

### 2.      Boston Has the Largest Financial Interest

The PSLRA instructs the court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  As demonstrated herein, during the Class Period, Boston suffered losses of approximately *$530,845* in connection with its Class Period acquisitions of *75,783* shares of James Hardie common stock.  *See* Motion, Exs. A & B.  To the best of Boston's knowledge, there is no other applicant seeking Lead Plaintiff appointment asserting a larger financial interest in the litigation.  Accordingly, Boston has the largest financial interest of any qualified movant seeking Lead Plaintiff status and are the presumptive "most adequate plaintiff." 15 U.S.C.§ 78u-4(a)(3)(B)(iii); *Munch v. Sprout Soc., Inc*., 2024 WL 4753734,

at *7 (N.D. Ill. Nov. 12, 2024) (finding the movant with the largest financial interest to be the presumptive "most adequate plaintiff").

### 3. Boston Satisfies Rule 23's Typicality and Adequacy Requirements

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(c)(c). At the lead plaintiff selection stage all that is required to satisfy Rule 23 is a preliminary showing that the lead plaintiff's claims are typical and adequate. *See Sprout Soc.,* 2024 WL 4753734, at *3 ("The relevant Rule 23 criteria are typicality and adequacy . . . .").

### (i) Boston's Claims Are Typical

Boston's claims are typical of those of the Class. Typicality is satisfied where the movant's claims are "typical of the claims or defenses of the class." *Boeing,* 2019 WL 6052399, at *2. Here, Boston has suffered the same injuries arising from the same course of events as all members of the Class, and therefore their legal arguments to prove Defendants' liability are substantively identical. Like all other Class members, Boston: (i) purchased or otherwise acquired James Hardie common stock during the Class Period, (ii) in reliance on Defendants' false and misleading statements, and (iii) were damaged as a result. *See In re Bally Total Fitness Sec. Litig.,* 2005 WL 627960, at *5 (N.D. Ill. Mar. 15, 2005) (typicality satisfied where presumptive lead plaintiff's "claim arises from the same events or course of conduct giving rise to the other class members' claims and is based on the same legal theory"). As such, Boston satisfies the typicality requirement of Rule 23.

### (ii) Boston Will Fairly and Adequately Protect the Interests of the Class

The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a representative party establishes that it "will fairly and adequately protect the interests of the class."

6

Fed. R. Civ. P. 23(a)(4). In order for the Class' interests to be fairly and adequately represented, the movant must show that "'(1) its claims are not antagonistic or in conflict with those of the class; (2) it has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) it is represented by competent, experienced counsel who [will] be able to prosecute the litigation vigorously.'" *Sprout Soc.*, 2024 WL 4753734, at *7 (citation omitted).

Boston satisfies these elements because its substantial financial stake in the litigation provides it with the incentive to vigorously represent the Class' claims. *See id.* (noting movant had a "substantial stake in the outcome of the case . . . to vigorously represent the class's claims"). Further, Boston's interests are perfectly aligned with those of the other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Boston and other Class members. In addition, Boston has retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, *see infra* §II, and timely submitted this choice to the Court for approval, in accordance with the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) and 15 U.S.C. § 78u-4(a)(3)(B)(v). Finally, there is no proof that Boston is "subject to unique defenses that render such plaintiff incapable of representing the class," because no such proof exists. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(b)(b). Accordingly, Boston satisfies the adequacy requirement.

### 4. Boston Is Precisely the Type of Lead Plaintiff Envisioned by the PSLRA

In addition to satisfying the requirements of Rule 23, Boston —a sophisticated institutional investor—is precisely the type of investor Congress sought, through the enactment of the PSLRA, to encourage to assume a more prominent role in securities litigation. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit

7

shareholders and assist courts by improving the quality of representation in securities class actions."). Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. *See id.* at 34–35, *reprinted in* 1995 U.S.C.C.A.N. at 733-34.

To this end, many courts, including courts in this District, have recognized that the legislative history reflects a clear preference for institutional investors to be appointed as lead plaintiff in securities class actions. *See Bally*, 2005 WL 627960, at \*3 (explaining that "the PSLRA was enacted with the explicit hope that institutional investors, who tend to have by far the largest financial stakes in securities litigation, would step forward to represent the class and exercise effective management and supervision of the class lawyers"). Accordingly, Boston has the sophistication and resources to effectively litigate this matter and supervise Class counsel.

## II.     BOSTON'S SELECTION OF COUNSEL MERITS APPROVAL

The PSLRA vests authority in the Lead Plaintiff to select lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (stating that "the [PSLRA] evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"). Consistent with Congressional intent, a court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the plaintiff class." H.R. Conf. Rep. No. 104-369, at 35, *reprinted in* 1995 U.S.C.C.A.N. at 734. Here, Boston has selected Labaton to serve as Lead Counsel for the Class.

Labaton has excelled as lead counsel in numerous landmark securities class actions on behalf of defrauded investors. For example, Labaton served as lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it achieved

8

a recovery totaling more than $1 billion for injured investors, and secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-1963 (S.D.N.Y.), in which the Firm served as co-lead counsel. Labaton also served as co-lead counsel in *In re Satyam Computer Services Ltd. Securities Litigation*, No. 09-md-2027 (S.D.N.Y.), through which it helped recover from the company and its auditors a total of $150.5 million for class members. Labaton presently serves as lead counsel in several significant investor class actions. *See* Motion, Ex. E.

Robbins Geller, a 200-attorney nationwide law firm with an office in this District, regularly practices complex securities litigation and is well qualified to represent the Class as Liaison Counsel. The Firm's securities department comprises numerous trial attorneys and many former federal and state prosecutors, utilizing an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country have recognized Robbins Geller's reputation for excellence, which has led to the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See In re Alphabet, Inc. Sec. Litig.*, No. 18-cv-06245-TLT (N.D. Cal. Sept. 30, 2024), ECF No. 245 at 12 (order approving $350 million settlement obtained on behalf of Alphabet investors and noting that Robbins Geller "represented their clients with skill and diligence and obtained an excellent result for the class"). Additionally, Robbins Geller has obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits.

Accordingly, the Court may be assured that, by granting Boston's Motion, the Class will receive the highest caliber of legal representation.

**CONCLUSION**

For the foregoing reasons, Boston requests that the Court grant its Motion and enter an Order: (i) appointing Boston as Lead Plaintiff pursuant to the PSLRA; (ii) approving the selection

of Labaton as Lead Counsel for the Class and Robbins Geller as Liaison Counsel for the Class;

and (iii) granting such other and further relief as the Court may deem just and proper.

Dated: December 22, 2025

Respectfully submitted,

**ROBBINS GELLER RUDMAN & DOWD LLP**

James E. Barz (IL BAR #6255605)
Frank A. Richter (IL BAR #6310011
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone: (630) 696-4107
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

**ROBBINS GELLER RUDMAN & DOWD LLP**

Danielle S. Myers (ILND-GB-5711
Michael Albert
655 W. Broadway, Suite 1900
San Diego, CA  92101
Telephone: (619) 231-1058
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

*Proposed Liaison Counsel for the Class*

**LABATON KELLER SUCHAROW LLP**

Francis P. McConville
Connor C. Boehme
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
fmcconville@labaton.com
cboehme@labaton.com

*Counsel for Proposed Lead Plaintiff and
Proposed Lead Counsel for the Class*

10