# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| LABORERS DISTRICT COUNCIL AND CONTRACTORS PENSION FUND OF OHIO, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>JAMES HARDIE INDUSTRIES PLC., AARON ERTER, and RACHEL WILSON,<br><br>      Defendants. | Case No. 1:25-cv-13018<br><br>Hon. LaShonda A. Hunt<br><br><u>CLASS ACTION</u><br><br>**MEMORANDUM IN SUPPORT OF OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL** |

Oklahoma Firefighters Pension and Retirement System ("Oklahoma Firefighters") submits this memorandum of law in support of its motion for: (1) appointment as Lead Plaintiff for the Class under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u4(a)(3)(B); (2) approval of its selection of Block & Leviton LLP ("Block & Leviton") as Lead Counsel for the Class; and (3) granting any other relief that the Court may deem just and proper.

## I.  INTRODUCTION

Currently pending before this Court is a securities class action brought on behalf of investors who purchased James Hardie Industries plc. ("James Hardie" or the "Company") securities from May 20, 2025 through August 18, 2025, inclusive (the "Class Period"), against Defendants James Hardie, Aaron Erter, and Rachel Wilson ("Defendants") for violations of the Securities Exchange Act of 1934 (the "Exchange Act") as amended by the PSLRA (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

The Private Securities Litigation Reform Act of 1995 ("PSLRA") dictates that, in securities actions, the Court "shall appoint the most adequate plaintiff as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the member "of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Oklahoma Firefighters, a sophisticated institutional investor with significant experience serving as lead plaintiff, should be appointed lead plaintiff because it filed a timely motion, believes it has the largest financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

Oklahoma Firefighters is the ideal lead plaintiff envisioned by Congress in its enactment of the PSLRA. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will

1

ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *see also Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 622 (E.D. Wis. 2009) (The PSLRA "was designed to encourage institutional investors, who are more likely to have significant financial holdings at stake as well as greater sophistication and experience in securities matters, to exercise control over the litigation and over counsel").

In addition, Oklahoma Firefighters' selection of Block & Leviton LLP, counsel with extensive experience prosecuting complex securities class actions, to serve as lead counsel is reasonable and should be approved. *See* 15 U.S.C. §78u4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class"). Plus, Oklahoma Firefighters' selection of Carroll Shamburg LLC, which has extensive class action and complex litigation experience, should also be approved.

## II.    FACTUAL BACKGROUND

James Hardie provides exterior home and outdoor living solutions and markets itself as the number one producer of high-performance fiber cement building solutions in the United States. ¶2.[1] The Company's business segments include North America Fiber Cement, Asia Pacific Fiber Cement and Europe Building Products. *Id.* North America Fiber Cement generates about 80% of the Company's earnings. *Id.* The Company's United States headquarters is in Chicago, Illinois and its common stock trades on the NYSE under the ticker symbol "JHX." ¶12.[2]

---

[1] Citations to "¶__" refer to paragraphs of the Complaint, *Laborers District Council and Contractors' Pension Fund of Ohio v. James Hardie Industries plc., et al.,* Case No. 1:25-cv-13018 (N.D. Ill. Oct. 24, 2025), ECF No. 1.

[2] As of July 1, 2025, James Hardie's ADSs, which were also previously listed on the NYSE under the ticker symbol "JHX," were terminated and replaced with ordinary shares, at a ratio of one for one.

The Complaint alleges that, throughout the Class Period, Defendants made false and/or misleading statements and failed to disclose material facts. ¶3. Despite starting to see North America Fiber Cement customers destocking inventory in April and early May 2025, Defendants made statements on May 20 and 21, 2025 falsely assuring investors that the segment remained strong despite the challenging market environment and expressly denying that inventory destocking was occurring. *Id.* Investors remained unaware that sales in James Hardie's largest business segment were experiencing inventory loading by channel partners, with the hallmarks of fraudulent channel stuffing, and not sustainable customer demand as represented. *Id.*

On August 19, 2025, James Hardie revealed that North America Fiber Cement sales declined by 12%, Q1 2026 profit declined by 29%, and projected lower-than-expected fiscal 2026 earnings. ¶36. James Hardie admitted that its disappointing results largely reflect "expected normalization of channel inventories due to moderating growth expectations by our customers as uncertainty built throughout April and early May." *Id.* Defendant Erter also indicated that this "normalization" would continue, stating, "we believe it is prudent to plan for more cautious order patterns and defensive inventory positioning at our channel partners, exacerbated by the slower seasonality of new construction into the back half of the calendar year." *Id.*

On this news, the price of James Hardie's common stock declined by $9.79 per share, or approximately 34.44%, from a closing price of $28.43 per share on August 18, 2025 to $18.64 per share on August 20, 2025. ¶45.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of James Hardie's securities, Oklahoma Firefighters and other Class members have suffered significant losses and damages.

## III.    ARGUMENT

Oklahoma Firefighters respectfully submits that it should be appointed Lead Plaintiff because it filed the instant motion in a timely manner, believes it has the largest financial interest in this litigation of any qualified movant, and satisfies the typicality and adequacy requirements of Rule 23. In addition, as a sophisticated institutional investor with a substantial financial stake in this action, Oklahoma firefighters is exactly the type of lead plaintiff Congress envisioned when enacting the PSLRA.

### A.  Oklahoma Firefighters Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of lead plaintiffs in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising Class members "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this action was published on October 24, 2025. *See* Declaration of Jeffrey C. Block in Support of Motion for Appointment as Lead Plaintiffs and Approval of Lead Plaintiffs' Selection of Lead Counsel, Ex. A ("Block Decl.").

Next, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the members of the class the Court determines to be most capable of adequately representing the interests of

4

other class members. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA also provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice [published by a complainant];

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Oklahoma Firefighters meets these requirements and should therefore be appointed Lead Plaintiff.

### 1. Oklahoma Firefighters' Motion Is Timely

The statutory notice published on October 24, 2025 advised Class members of the pendency of the action, the claims asserted, the proposed Class Period, and the right to move the Court to be appointed as lead plaintiff by December 23, 2025. *See* Block Decl., Ex. A; 15 U.S.C. §78u-4(a)(3)(A). Because Oklahoma Firefighters' motion has been filed by the statutory deadline, it is eligible for appointment as lead plaintiff.

### 2. Oklahoma Firefighters Believes It Has the Largest Financial Interest in the Relief Sought by the Class

"The largest financial interest provision seeks to increase the likelihood that institutional investors will serve as lead plaintiffs by requiring courts to presume that the member of the purported class with the largest financial stake in the relief sought is the 'most adequate plaintiff.'" *Chandler v. Ulta Beauty, Inc.*, No. 18-CV-1577, 2018 WL 3141763, at *2 (N.D. Ill. June 26, 2018).

As evidenced by its Certification and loss chart, Oklahoma Firefighters purchased a significant amount of James Hardie securities and suffered approximately $532,972 in losses as a

result of Defendants' violations of the federal securities laws. *See* Block Decl., Exs. B, C. To the best of Oklahoma Firefighters' counsel's knowledge, there are no other movants with a larger financial interest.

### 3. Oklahoma Firefighters Is Typical and Adequate of the Class

In addition to possessing a significant financial interest, lead plaintiffs must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At this stage of the litigation, only a "preliminary showing" of typicality and adequacy is required. *Hedick v. Kraft Heinz Co.*, No. 19-CV-1339, 2019 WL 4958238, at *8 (N.D. Ill. Oct. 8, 2019). The typicality requirement is satisfied if the plaintiff's claims "arise[ ] from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Id.* (citing *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998)). A plaintiff satisfies the adequacy requirement if "(1) its claims are not antagonistic or in conflict with those of the class; (2) it has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) it is represented by competent, experienced counsel who [will] be able to prosecute the litigation vigorously." *Id.* at "9 (citing *Johnson v. Tellabs*, 214 F.R.D. 225, 228-29 (N.D. Ill. 2002)).

Here, Oklahoma Firefighters' claims are typical of those of the Class because – like all Class members – it purchased James Hardie securities during the Class Period, suffered damages as a result of Defendants' false and misleading statements and omissions, and possesses claims against James Hardie and the Individual Defendants under the Exchange Act. *See id.* at *9; *In re Groupon, Inc. Sec. Litig.*, No. 12 C 2450, 2012 WL 3779311, at *3 (N.D. Ill. Aug. 28, 2012) ("[plaintiff] purchased Groupon securities during the class period, paid prices allegedly inflated

6

because of the claimed false and misleading statements by defendants, and thereby allegedly suffered damages. As such, [plaintiff meets the typicality requirement of Rule 23(a).").

Oklahoma Firefighters is also adequate because its interests in the action are squarely aligned with the interests of the other members of the Class. Oklahoma Firefighters is highly incentivized to maximize the recovery for all Class members harmed by Defendants' misrepresentations and omissions based on, among other things, the substantial losses of $532,972 Oklahoma Firefighters suffered. *See Groupon*, 2012 WL 3779311, at *3 ("There is no evidence before the Court to suggest that [plaintiff's] interest is in conflict with those of the purported class. Further, given his alleged losses, [plaintiff] has a substantial interest in the outcome of this case.)

In addition to satisfying the requirements of Rule 23, Oklahoma Firefighters is also precisely the type of lead plaintiff envisioned by Congress in its enactment of the PSLRA— a sophisticated institutional investor with substantial interest in the litigation. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995). Through its prior experience serving as lead plaintiff in similar actions, Oklahoma Firefighters is cognizant of the requirements and responsibilities of serving as lead plaintiff in a securities class action and is willing to undertake these responsibilities on behalf of the class. *See* Block Decl., Ex. D.

Oklahoma Firefighters provides pension and retirement benefits to more than 26,000 current and former firefighters of Oklahoma and has over $4 billion in assets under management. Oklahoma Firefighters has sufficient resources and incentive to vigorously prosecute this action and supervise lead counsel. Oklahoma Firefighters' understanding of the duties of a lead plaintiff is informed by its significant experience successfully leading securities class actions, which would benefit the class in this case. *See, e.g., Minneapolis Firefighters' Relief Ass'n v. Medtronic, Inc.*, No. 08-cv-06324, ECF No. 344 (D. Minn. Nov. 8, 2012) (granting final approval of $85 million

recovery); *Avila v. LifeLock, Inc.*, No: 15-cv-01398, ECF No. 150 (D. Ariz. July 22, 2020) (granting final approval of $20 million recovery); *In re Tower Group Int'l, Ltd. Sec. Litig.*, No. 13-cv-05852, ECF No. 179 (S.D.N.Y. Nov. 23, 2015) (granting final approval of $20.5 million recovery).

Moreover, as set forth in greater detail below, Oklahoma Firefighters' adequacy is bolstered by its hiring of Block & Leviton—highly qualified counsel with significant success prosecuting federal securities class actions—to serve as lead counsel. *Amberber v. EHang Holdings Ltd.*, No. 21 CIV. 1392 (GBD), 2022 WL 409096, at *3 (S.D.N.Y. Feb. 10, 2022) (finding movant demonstrated *prima facie* adequacy because he "retained qualified, experienced counsel [Block & Leviton], he is not aware of any conflict between his claims and those asserted on behalf of the putative class, and he submits that he has sufficient incentive to provide vigorous advocacy in this litigation."). Accordingly, Oklahoma Firefighters readily satisfies the adequacy requirement.

Because Oklahoma Firefighters filed a timely motion, believes it has the largest financial interest in the relief sought by the Class, and demonstrated its preliminary typicality and adequacy, the Court should adopt the presumption that it is the "most adequate" plaintiff.

### B. The Court Should Approve Oklahoma Firefighters' Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *In re Cavanaugh*, 306 F.3d 726, 732-35 (9th Cir. 2002). Oklahoma Firefighters has selected Block & Leviton, a firm with substantial experience in the

prosecution of shareholder and securities class actions, to serve as lead counsel and Carroll Shamburg to serve as Liaison Counsel. Block Decl., Ex. E.

As noted by one district court,

> While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation*, (S.D. Tex.), *In re Google Inc. Class C Shareholder Litig.* (Del. Ch. Ct.), and *In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation* (N.D. Cal.). I find the experience garnered from such representations will benefit the shareholder in this suit.

*Thieffry v. Synchronoss Tech., Inc.*, No. 3:17-cv-07173-FLW-LHG (D.N.J. 2018) (ECF No. 21). Courts in this district and across the country have likewise recognized Block & Leviton's adequacy and appointed the firm as lead counsel. *See e.g.*, *Amberber v. EHang Holdings Ltd.*, 2022 WL 409096, at *5 (S.D.N.Y. Feb. 10, 2022) ("Block & Leviton LLP can capably represent the class here, given the firm's experience in litigating class action lawsuits."); *Bardaji v. Match Grp., Inc.*, 2023 WL 3624774, at *3 (D. Del. May 24, 2023) (noting that Block & Leviton "has substantial experience in securities fraud litigation [and] has obtained a significant number of sizeable settlements in these cases over the years."); *see also In re Lyft, Inc. Sec. Litig.*, 2023 WL 5068504 at *9 (N.D. Cal. Aug. 7, 2023)(approving $25 million settlement and stating, "Block & Leviton are highly experienced lawyers with expertise in securities class actions.").

Accordingly, Oklahoma Firefighters' selection of Block & Leviton as lead counsel is reasonable and should be approved and its selection of Carroll Shamburg as Liaison counsel should be approved.

## IV. CONCLUSION

For the foregoing reasons, Oklahoma Firefighters respectfully requests that the Court: (1) grant its motion for appointment as Lead Plaintiff; (2) approve its selection of Block & Leviton

LLP as Lead Counsel; (3) approve Carroll Shamburg as Liaison Counsel; and (4) grant such other relief as the Court may deem just and proper.

DATED: December 23, 2025                    Respectfully submitted,

                                            */s/ Katrina Carroll*
                                            Katrina Carroll
                                            **CARROLL SHAMBERG LLC**
                                            111 W. Washington Street
                                            Suite 1240 Chicago, IL 60602
                                            (872) 215-6205 phone
                                            katrina@csclassactions.com

                                            *Local Counsel for Plaintiff and Proposed Liaison
                                            Counsel for the Class*

                                            Jeffrey C. Block (*pro hac vice* forthcoming)
                                            Jacob A. Walker (*pro hac vice* forthcoming)
                                            Sarah E. Delaney (*pro hac vice* forthcoming)
                                            **BLOCK & LEVITON LLP**
                                            260 Franklin Street, Suite 1860
                                            Boston, MA 02110
                                            (617) 398-5600 phone
                                            jeff@blockleviton.com
                                            jake@blockleviton.com
                                            sarah@blockleviton.com

                                            *Counsel for Oklahoma Firefighters Pension and
                                            Retirement System and Proposed Lead Counsel for
                                            the Class*

10