# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LABORERS' DISTRICT COUNCIL AND CONTRACTORS' PENSION FUND OF OHIO, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>JAMES HARDIE INDUSTRIES PLC., AARON ERTER, and RACHEL WILSON,<br><br>        Defendants. | Case No. 1:25-cv-13018<br><br>Hon. LaShonda A. Hunt<br><br>CLASS ACTION<br><br>**OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM'S OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION** |

Oklahoma Firefighters Pension and Retirement System submits this memorandum of law opposing the motion filed by Boston Retirement System (ECF No. 25) and in further support of its motion for appointment as Lead Plaintiff for the Class.

## I.   INTRODUCTION

As this Court recognized at the January 15, 2026 presentment hearing, Oklahoma Firefighters has the "largest financial interest" in this litigation thus should be appointed lead plaintiff under the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Under every relevant metric that courts use to determine which movant has the largest financial interest, the Oklahoma Firefighters win.

Under the traditional LIFO analysis, which both Oklahoma Firefighters and Boston filed with their opening motions, Oklahoma Firefighters has a larger loss than does Boston.

Under an "apples-to-apples" comparative approach (considering class period purchases and sales and applying a consistent "lookback" price), Oklahoma Firefighters' loss is even greater than Boston's loss. Indeed, under this apples-to-apples approach, Oklahoma Firefighters lost $547,673.74, $16,828.98 more than Boston.

Courts, particularly in this district, also use the "*Lax* factors*"* when determining financial interest. *Lax v. First Merchants Acceptance Corp.*, No. 97-cv-2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997). Those factors all also show Oklahoma Firefighters' financial interest exceeds Boston's:

1

| MOVANT | TOTAL SHARES PURCHASED | NET SHARES PURCHASED | NET FUNDS EXPENDED | CLASS PERIOD LIFO LOSS |
|---|---|---|---|---|
| **Oklahoma Firefighters Pension and Retirement System** | **89,895** | **79,551** | **$2,151,331** | **$532,972.72** |
| Boston Retirement System | 75,783 | 75,783 | $2,042,351 | $530,844.76 |

What is more, Boston's self-reported "net funds expended" of $2,042,351 (which is smaller than Oklahoma's in any event), is not entirely accurate. Boston did not purchase any of its James Hardie shares on the open market. It received James Hardie common stock in exchange for its shares of a company called AZEK Company, which James Hardie acquired on July 1, 2025, during the class period. As part of the merger, Boston received 1.034 shares of James Hardie common stock *plus* $26.45 per share in cash in exchange for each share of AZEK that it owned. Boston has unilaterally assigned the opening price of James Hardie common stock of $26.95 per share on July 1, 2025 as its "purchase price," claiming it as the amount of Net Funds it expended.

But the Court has no idea how much Boston paid for its AZEK shares or when it purchased them. To truly evaluate Boston's overall financial interest, Boston should disclose how much it paid for its AZEK shares for which it received a total of $4,046,812 in the acquisition ($26.45 in cash *plus* $26.95 in stock times 75,783 shares).

We requested Boston provide us and the Court with the details of its AZEK purchases, which are clearly relevant, but it refuses to do so. The fair inference is that revealing what Boston actually paid for its AZEK shares will show its overall financial interest is even lower than what

it is representing.[1] In any event, even in the best-case scenario self-servingly presented by Boston, the net funds expended and the LIFO loss are lower than those of Oklahoma Firefighters.

Because Oklahoma Firefighters has the largest financial interest in the litigation and has made a *prima facie* showing of its typicality and adequacy, it is the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Accordingly, Oklahoma Firefighters should be appointed lead plaintiff, and its Motion should be granted.

## II.    PROCEDURAL HISTORY

On December 23, 2025, Oklahoma Firefighters filed the Motion seeking appointment as lead plaintiff and approval of its selection of Block & Leviton LLP as lead counsel for the Class with Carroll Shamburg as liaison counsel. ECF No. 33. Two other movants also filed motions seeking appointment as lead plaintiff on December 23, 2025. *See* ECF No. 25 (Boston Retirement System), ECF No. 28 (Laborers' District Council Construction Industry Pension Fund). On January 6, 2026, Laborers' District Council Construction Industry Pension Fund withdrew its motion. ECF No. 39.

## III.    ARGUMENT

### A.  Oklahoma Firefighters Should Be Appointed Lead Plaintiff

The PSLRA creates a statutory presumption in favor of the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule

---

[1] Oklahoma Firefighters does not dispute that Boston received James Hardie common stock on July 1, 2025, that the stock was artificially inflated by Defendants' fraud, and that it suffered losses as a result. The sole question on this motion, however, is what is Boston's true *financial interest* versus Oklahoma Firefighters' *financial interest*, and not whether and to what amount each suffered damages. Without knowing what Boston paid for its AZEK shares, Boston's true financial interest remains a mystery. Even in Boston's best-case scenario, though, it spent less and lost less than Oklahoma Firefighters.

23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Once this presumption is triggered, it can be rebutted only upon "proof" that the presumptive lead plaintiff either "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II); *see also Munch v. Sprout Soc., Inc.*, No. 24-CV-3867, 2024 WL 4753734, at *8 (N.D. Ill. Nov. 12, 2024) (appointing presumptive lead plaintiff where "no member of the putative class has offered any evidence to rebut the presumption").

Although the PSLRA does not specify how to calculate financial interest, most court will look at the four factors set forth in *Lax v. First Merchants* to determine financial interest. *See, Colwell v. Exicure, Inc.* 2023 WL 2572454 *2-3 (N.D. Ill. Mar. 20, 2023); *City of Sterling Heights General Employees Retirement Sys. V. Hospira, Inc.* 2012 WL 1339678, * 4 (N.D. Ill. Apr. 18, 2012). Courts consider losses to be the most important factor, *Colwell*, 2023 WL 2572454 at *3, and LIFO is the preferred methodology for calculating losses. *Hospira*, 2012 at WL 1339678, * 5.

### 1. Under a LIFO Analysis, Oklahoma Firefighters Has The Largest Financial Interest

Both Oklahoma Firefighters and Boston employ the Last In First Out loss methodology calculation to determine their respective losses. This is the methodology favored by most courts. *Chandler v. Ulta Beauty, Inc.*, 2018 WL 3141763 at *4 (N.D. Ill. June 26, 2018).

Using this methodology, Oklahoma Firefighters lost $532,972.72[2] and Boston lost $530,844.76. Oklahoma Firefighters has the larger loss.

---

[2] Even though the PSLRA requires a lead plaintiff applicant only provide its class period transactions in its certification, 15 U.S.C. § 78u-4(a)(2)(A)(iv), Oklahoma Firefighters' loss calculation provides the court with full transparency about its post-class period sales of James Hardie stock, and appropriately calculates losses using the statutorily mandated formula: the higher of the lookback price or the actual price received. *See* 15 U.S.C. § 78u-4(e)(1)-(2); *Peters v. Twist Bioscience Corp.*, No. 5:22-CV-08168-EJD, 2023 WL 4849431, at *5 (N.D. Cal. July 28, 2023)

### 2. Under an "Apples-to-Apples" Comparison, Oklahoma Firefighters Has The Larger Loss

Under the PSLRA, a plaintiff's losses are capped by using either the greater of the sales price or the average trading price in the 90 trading days after the close of the class period. This average trading price is commonly referred to as the "Look Back Price". Here, Oklahoma Firefighters used a Look Back Price of $20.13 per share whereas Boston used a lower Look Back Price of $19. 9452 per share (due to the date the loss reports were run). If Oklahoma Firefighters uses the same Look Back Price as does Boston, its losses *increase by $14,701.02*, bringing its total loss to **$547,673.74,** significantly greater than Boston's losses.[3] Thus, under a true apples-to-apples comparison, using a consistent look back price and ignoring post-class period transactions, Oklahoma Firefighters' losses still shows it the larger loss.[4]

### 3. Under the Lax Factors Oklahoma Firefighters Has the Greater Financial Interest

In calculating losses, "[m]ost courts consider "(1) the total number of share purchased during the class period; (2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period); (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class

---

(movant's "PSLRA loss calculation would need to be reconciled with the PSLRA's statutory language in setting an actual statutory damages cap, which is determined in part by a plaintiff's actual purchase price.").

[3] Conversely, applying Oklahoma Firefighters' higher Look Back Price to Boston's calculations causes Boston's loss to decrease by $14,004.70 to $516,840.06.

[4] The assertion by Boston's counsel at the January 15, 2026 presentment hearing that Oklahoma Firefighters waited for Boston to file its motion and then manipulated its losses to exceed Boston's is as offensive as it is incorrect. If Oklahoma Firefighters actually wanted to manipulate the calculation, it would never have self-reported its post-class period sales and would have used Boston's lower look back price, which would have given it even greater reported losses.

period); and (4) the approximate losses suffered." *Ulta Beauty*, 2018 WL 3141763 at *3; *Hospira*, 2012 WL 1339678 at *4.

Here, using these factors, there is no doubt that Oklahoma Firefighters has the larger financial interest:

| MOVANT | TOTAL SHARES PURCHASED | NET SHARES PURCHASED | NET FUNDS EXPENDED | CLASS PERIOD LIFO LOSS |
|---|---|---|---|---|
| **Oklahoma Firefighters Pension and Retirement System** | **89,895** | **79,551** | **$2,151,331** | **$532,972.72** |
| Boston Retirement System | 75,783 | 75,783 | $2,042,351 | $530,844.76 |

### 4. Boston Refuses To Disclose How Much It Paid For Its Stock

While even under Boston's self-reported best-case scenario, it has a lower loss and a lower "net funds expended" than Oklahoma Firefighters, Boston has also hidden the ball and refused to provide Oklahoma Firefighters and the Court with information about how much it paid to acquire its James Hardie stock.

As explained in the relevant cases, *Ulta Beauty* and *Hospira*, to properly understand a movant's true financial interest, the Court must be able to assess "the difference between the amount spent to purchase [the] shares and the amount received for the sale of shares" or the amount those shares were worth after the fraud was revealed. *Ulta Beauty*, 2018 WL 3141763 at *3; *Hospira*, 2012 WL 1339678 at *4.

Boston did not purchase any James Hardie common stock on the open market during the class period. Instead, it received all its James Hardie shares on July 1, 2025 pursuant to James Hardie acquiring AZEK Company. Under the terms of the acquisition, each AZEK shareholder

received 1.034 shares of James Hardie common stock *plus* $26.45 per share in cash shares for each share of AZEK stock it owned.

Boston contends that its "Costs/Proceeds" for its James Hardie shares is $26.95 per share, which is the price of James Hardie stock on the morning of July 1, 2025. But this does not reflect what Boston paid for its AZEK stock, when it purchased that stock, and does not take into account the $26.45 per share in cash Boston received in the acquisition.

Boston received a total of $4,046,812 for its AZEK stock. It received James Hardie stock artificially inflated by Defendants' fraud which caused Boston to lose $530,844.76. Meaning, if Boston paid anywhere less than $3,515,967.24 for all of its AZEK shares, its financial interest will be reduced.

Without knowing what Boston actually paid for its AZEK shares, there is no actual way to know whether Boston actually lost money or how much it really lost.

On January 7, 2026, Oklahoma Firefighters' counsel sent a letter to Boston's counsel asking that they provide the real cost basis for Boston's purchase of AZEK's common stock. Boston refused, claiming it is only obligated to provide transactions within the class period.[5] *See* Exhibit A (January 7 and 14, 2026 letters).

---

[5] Oklahoma Firefighters agrees with Boston that it suffered damages by exchanging its AZEK shares for artificially inflated James Hardie shares and is a member of the class. However, the question is not whether Boston suffered recoverable damages but how to evaluate its financial interest versus that of Oklahoma Firefighters. Without knowing Boston's actual cost basis for its AZEK shares, it is impossible to accurately determine its true financial interest. Even in Boston's self-reported best case scenario, though, Oklahoma Firefighters exceeds its losses. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 396 n.5 (S.D.N.Y. 2008) (citing *In re Ribozyme Pharms., Inc. Sec. Litig.,* 192 F.R.D. 656, 661–62 (D. Colo. 2000) ("[T]he determination of financial interest does not equate to damages. Damages is a term of art and a technical matter to be established by experts. The lead plaintiff provision in the PSLRA does not use the term 'damages' but instead, 'largest financial interest.' ... I hold, therefore, that 'damages' under the PSLRA is not the proper test to determine largest financial interest.")).

Under the PSLRA, the Court can order discovery upon the showing of a "reasonable basis" for a finding that the presumptive lead plaintiff would be incapable of adequately representing the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iv). Because the Oklahoma Firefighters is the presumptive lead plaintiff with the largest financial interest in the litigation and should be appointed Lead Plaintiff, there is no need for any such discovery. If, however, there is any question about that, there would be reasonable basis for Boston to disclose its cost basis for its AZEK shares that were exchanged for James Hardie shares, including purchase dates and prices, and the Court should order limited discovery under those circumstances. This will allow the Court to properly assess Boston's true financial interest in the case visa-vie Oklahoma Firefighters financial interest.

## IV.    CONCLUSION

There is no accounting gimmick that will allow Boston to appropriately argue that its financial interest is greater than Oklahoma Firefighters. Under the PSLRA, Oklahoma Firefighters is the presumptive lead plaintiff and Boston has not and cannot rebutted that presumption with "proof" of Oklahoma Firefighters' inadequacy or atypicality. For these reasons, the Court should (1) grant its motion for appointment as Lead Plaintiff; (2) approve its selection of Block & Leviton LLP as Lead Counsel; (3) approve Carroll Shamburg as Liaison Counsel; and (4) grant such other relief as the Court may deem just and proper.

DATED: January 23, 2026                          Respectfully submitted,

*/s/ Katrina Carroll*
Katrina Carroll
**CARROLL SHAMBERG LLC**
111 W. Washington Street
Suite 1240 Chicago, IL 60602
(872) 215-6205 phone
katrina@csclassactions.com

*Local Counsel for Plaintiff and Proposed Liaison Counsel for the Class*

8

Jeffrey C. Block
Jacob A. Walker
Sarah E. Delaney
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jeff@blockleviton.com
jake@blockleviton.com
sarah@blockleviton.com

*Counsel for Oklahoma Firefighters Pension and Retirement System and Proposed Lead Counsel for the Class*

9