# EXHIBIT A



**Francis P. McConville**
**Partner**
**Labaton Keller Sucharow LLP**
140 Broadway
New York, New York 10005
212.907.0650
fmcconville@labaton.com

January 14, 2026

**By ECF**

Jeffrey C. Block
260 Franklin Street, Suite 1860
Boston, Massachusetts 02110

Re: *Laborers' District Council and Contractors' Pension Fund of Ohio v. James Hardie Industries, Inc.*, 25-cv-13018 (N.D. Ill.)

Dear Jeffrey C. Block:

I write in response to your January 7, 2026 letter concerning Boston Retirement System's ("Boston") motion for appointment as lead plaintiff. You request—without citing any authority—that Boston disclose pre–Class Period transactions in The AZEK Company Inc. securities that were converted into James Hardie Industries, Inc. ("James Hardie") common stock on July 1, 2025. That request is unsupported by the PSLRA and will not be accommodated.

The PSLRA requires lead plaintiff movants to disclose only "all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period." 15 U.S.C. § 78u-4(a)(2)(A)(iv). Transactions outside the class period are neither contemplated by the statute nor relevant to the financial-interest analysis.

Here, the operative complaint defines the class as those who purchased or otherwise acquired James Hardie common stock between May 20, 2025 and August 18, 2025. ECF No. 1 ¶ 52. Accordingly, the only transaction relevant to Boston's financial interest is its July 1, 2025 acquisition of James Hardie shares in exchange for AZEK shares. Boston disclosed the appropriate cost basis for that acquisition in its opening papers. Nothing further is required.

Your request appears premised on the incorrect assumption that Boston's acquisition of James Hardie shares through the merger does not constitute a "purchase" under the federal securities laws. That proposition is squarely foreclosed. Courts have long held that an exchange of shares in a merger qualifies as a purchase or sale where shareholders become investors in a new company. *See, e.g., Gelles v. TDA Indus., Inc.*, 44 F.3d 102, 104 (2d Cir. 1994); *Atlantica Holdings, Inc. v. BTA Bank JSC*, 2017 WL 3731948, at \*2 (S.D.N.Y. Aug. 29, 2017).

Nor does the cash component of the merger alter the analysis. In a Section 10(b) action, damages are measured by the difference between the value received and the value that would have been received absent the fraud. *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128, 155 (1972). The cash component of the merger therefore does not offset inflation-based losses in James Hardie stock. *See Randall v. Loftsgaarden*, 478 U.S. 647, 663 (1986); *In re Under Armour Sec. Litig.*, 631 F. Supp. 3d 285, 312 (D. Md. 2022).



New York | Delaware | Washington, D.C.

LKS

January 14, 2026
Page 2


      In short, Boston has complied fully with the PSLRA and provided all information necessary to assess its financial interest. Your request seeks disclosures the statute does not require and the case law does not support.

Respectfully,

*/s/ Francis P. McConville*
Francis P. McConville

Direct dial 617-398-5610 | email: Jeff@blockleviton.com

January 7, 2026

Francis P. McConville, Esq.
Labaton Keller Sucharow, LLP
140 Broadway
New York, NY 10005

Re:    *Laborers' District Council and Contractors' Pension Fund of Ohio v. James Hardie Industries, Inc., et. al.,* 25-cv-13018 (N.D. Ill.)

Dear Frank:

I write regarding the motion of your client, the Boston Retirement System ("Boston"), to be appointed Lead Plaintiff in the above-referenced action.

Based on its sworn certification, Boston acquired all of its James Hardie common stock as a result of its AZEK shares being converted into James Hardie shares following the acquisition of AZEK by James Hardie during the proposed class period. It is our understanding, and please correct me if we are mistaken, that Boston purchased no James Hardie stock on the open market during the proposed class period.

On the loss chart submitted with its motion, Boston asserts that the "costs/proceeds" of it acquiring its James Hardie stock as being $2,042,351.85, which is derived from assigning the opening price of James Hardie stock on July 1, 2025 (the day the merger closed) which was $26.95 per share. We believe this may not fully reflect the amount Boston expended to acquire its James Hardie shares; the more relevant amount is how much did Boston expend to acquire its AZEK shares which were then converted into James Hardie shares (along with a cash payment) pursuant to the merger.

Accordingly, we request that Boston provide us, before next Thursday's presentment hearing, with the dates and amount it expended to acquire its shares of AZEK that were converted into James Hardie common stock on July 1, 2025 to get a more accurate picture of Boston's financial interest in the litigation.

Please feel free to contact me if you have any questions.

Sincerely yours,

Jeffrey C. Block

**BLOCK & LEVITON LLP**

260 Franklin Street, Suite 1860 • Boston, Massachusetts 02110
P 617 398 5600 • F 617 507 6020